

# United States Bankruptcy Court
# for the District of Oregon

**Albert E. Radcliffe, Judge**      405 East Eighth Avenue, Suite 2600     (541) 431-4050
Virginia H. Denney, Judicial Assistant     Eugene, Oregon 97401     FAX: (541) 431-4047
Howard J. Newman, Law Clerk

March 19, 2008

Ms Gail Geiger
Office of the U. S. Trustee
211 East 7th Avenue, Room 285
Eugene, OR 97401

Mr. Wilson C. Muhlheim
Muhlheim Boyd
88 East Broadway
Eugene, OR 97401

RE:    RYAN, Wendy McKenzie; Case No. 07-63072-aer7
       Muhlheim Boyd's Motion to Alter or Amend February 21, 2008 Minute Order and
       February 29, 2008 Order Supplementing and Clarifying Minute Order

Counsel:

      This letter will announce my findings of fact and conclusions of law regarding the above-referenced motion.

      History:

      Debtor Wendy McKenzie Ryan filed her Chapter 7 petition, herein, on October 30, 2007, through attorney Kim Covington. On December 4, 2007, the United States Trustee (UST) filed a motion to dismiss under 11 U.S.C. § 707(b).[1] On January 10, 2008, Loren Scott of the Muhlheim Boyd firm (the firm) filed a substitution for Ms Covington as Debtor's counsel. That same day I conducted a hearing on the UST's motion. As a result of that hearing, a scheduling order was entered on January 15, 2008. The order gave Debtor 30 days to file a response to the UST's motion. The parties were to exchange witness and exhibit lists at least 21 days before the evidentiary hearing on the motion.[2] Objections to the exhibits needed to be served on the

---

[1] Unless otherwise indicated, all subsequent statutory references are to Title 11 of the United States Code.

[2] On January 31, 2008, notice went out setting the evidentiary hearing for March 6, 2008.

opposing party at least 14 days before the hearing. Witness and exhibit lists, as well as trial memoranda were to be filed at least 7 days before the hearing. At least 11 days before the hearing the parties were required to meet and confer and file a certification as to such conference at least 7 days before the hearing.

On February 12, 2008, Mr. Scott moved to withdraw. The motion was supported by his declaration stating that Debtor had that day communicated to him that she no longer wanted him to represent her and that she wanted to proceed pro se. The declaration further states that Debtor had been notified of all pending deadlines, especially the February 14, 2008, deadline to file a response to the UST's motion. Mr. Scott requested an expedited hearing on the motion so that Debtor could file her response pro se. On February 13, 2008, Mr. Scott filed his own § 329 attorney fee disclosure statement, indicating the firm had been paid $1,000, and that any balance due was "hourly." As for services to be rendered, the statement excluded adversary proceedings and contested matters. Excluded from this exclusion was "opposition to the U.S. Trustee's 707(b) motion." The statement also indicated that "[s]ubsequent to the agreement w/the debtor regarding compensation, the debtor instructed me to withdraw from my representation of her in the case." The UST filed an opposition to the Motion to Withdraw, indicating that the Debtor's deposition was scheduled for February 20, 2008, arguing that withdrawal would be prejudicial to Debtor and to the administration of justice, particularly in view of the imminent scheduling deadlines.

On February 14, 2008, Mr. Scott filed a cover page, attaching Debtor's pro se response to the UST's Motion. On that same date, the court served notice of a hearing set for February 20, 2008 on Mr. Scott's motion to withdraw. The notice stated that testimony may be received.

On February 20, 2008, I conducted the hearing on the motion to withdraw. Mr. Scott and Debtor appeared as did Ms Kamitsuka of the UST's office. At the February 20 hearing, I orally announced my conclusions which were reduced to a minute order entered February 21, 2008 (the minute order). The minute order provided that if Mr. Scott refunded the $1,000 retainer and filed a declaration as to same within 3 business days, his motion to withdraw would be granted. If not, his motion would be denied. Mr. Scott then timely filed a declaration that he had refunded the $1,000, but that notwithstanding the issuance of the refund, the firm reserved the right to appeal entry of the order.

The UST and Mr. Scott then disagreed as to whether the minute order prohibited the firm from subsequently billing for its services after refund of the $1,000. The UST filed a motion to clarify the order. On February 29, 2008 an order was entered clarifying and supplementing the minute order (the supplemental order). The supplemental order provided that the grant of the motion to withdraw was conditioned on Mr. Scott waiving all fees in the case. If he did not want to waive fees, he could file a declaration within 5 days, upon which his motion to withdraw would be denied, he could then require repayment of the $1,000 previously refunded. If no declaration was filed, the fees were deemed waived and the motion would be granted.[3]

---

[3] As the parties recall, at the February 20, 2008, hearing Ms Covington's fees were discussed at some length. It appeared from her § 329 disclosure statement that defense of a motion to dismiss was covered in her $1,701 flat fee. The UST advised it would file a § 329 motion to review her fees. Before doing so, Ms Covington and the UST stipulated to an order fully refunding Ms Covington's fees to the

On March 3, 2008, the firm filed the present motion to alter or amend the minute and supplemental orders, which the UST opposed. On March 6, 2008, I conducted a hearing on the motion to alter or amend. Mr. Scott testified as to his representation of the Debtor. I also received several exhibits.

Discussion:

The issue before me is whether the firm has shown sufficient grounds to alter or amend the minute and supplemental orders.[4] The motion is under FRCP 59(a) and (e), and FRCP 52(b).[5]

Under Rule 59(e):

> [R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice.... Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

McDowell v. Calderon, 197 F.3d 1253, 1255, n.1 (9th Cir. 1999) (quoting, 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed.1995)).

Under Rule 59(a), granting a motion for a new trial is appropriate if the moving party demonstrates 1) a manifest error of fact; 2) a manifest error of law; or 3) newly discovered evidence. Janas v. Marco Crane and Rigging Co. *(In re JWJ Contracting Co., Inc.)*, 287 B.R. 501, 514 (9th Cir. BAP (Az.) 2002), *aff'd.*, 371 F.3d 1079 (9th Cir. 2004) (internal citation omitted). The same standards apply to a motion to amend or for additional findings under FRCP 52(b). Weiner v. Perry, Settles & Lawson, Inc. *(In Re Weiner)*, 208 B.R. 69, 72 (9th Cir. BAP (N.D.Cal.) 1997), *rev'd on other grounds*, 161 F.3d 1216 (9th Cir. 1998).

The firm has not argued there has been an intervening change in controlling law, nor has it argued the motion should be granted to allow it to present newly discovered or previously unavailable evidence. This leaves the firm's contentions that I committed manifest errors of law and fact or that altering or amending the minute and supplemental orders would prevent a "manifest injustice." I will discuss these grounds in turn.

---

Debtor. Ms Covington has since filed a declaration that she has done so.

[4] As I announced at the March 6th hearing, the minute and supplemental orders do not constitute findings and conclusions under § 329 of the reasonableness of Mr. Scott's fees.

[5] FRCP 59 and FRCP 52(b) are made applicable by FRBP 9023 and FRBP 7052 respectively.

Ms Geiger & Mr. Muhlheim
March 19, 2008
Page-4

Ms Geiger & Mr. Muhlheim
March 19, 2008
Page-4

  For an error of law or fact to be "manifest," it must be "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." In re Oak Park Calabasas Condominium Association, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003) (quoting, Blacks Law Dictionary 563 (7th ed. 1999)). The firm has not shown manifest error.

  It is axiomatic that an attorney may not withdraw as counsel except by leave of court. Darby v. City of Torrance, 810 F.Supp. 275, 276 (C.D. Cal.1992). LBR 9011-1.A.1 implements this axiom.[6] The decision to grant or deny withdrawal is committed to my discretion. Liang v. Cal-Bay Intern., Inc., 2007 WL 3144099, *1 (S.D. Cal. 2007). Despite this general rule, the firm argues I had no discretion but to unconditionally allow withdrawal because it had been "discharged", citing Oregon Rule of Professional Conduct (ORPC) 1.16(a)(3).[7] This argument was raised at the February 20th hearing. Mere reiteration of duly considered and rejected arguments are inappropriate in a Rule 59 motion. Taylor. v. Knapp, 871 F.2d 803, 805 (9th Cir. 1988). Further, on the merits, the argument fails. Even assuming arguendo the firm was "discharged," the ethical rules allow even a "discharged" attorney to continue representation if ordered to do so.[8] ORCP 1.16(c);[9] see, also, SEC v. Poirier et. al., 2007 WL 2462173 (D. Az. 2007) (construing Arizona's analogous rule). In any event, I did not order the firm to continue its representation. I gave it a choice. The conditions I put on withdrawal were pecuniary. They did not put the firm in any sort of ethical bind.[10]

  At bottom line, the firm objects to the conditions I put on withdrawal. It argues I committed manifest error in evaluating the evidence. It posits the evidence plainly indicated Debtor had "discharged" the firm because she no longer wanted to incur future legal fees, not that the firm was withdrawing because Debtor couldn't afford to pay fees. Again, these points were argued and duly considered at the February 20th hearing, and are not appropriate for reconsideration. Taylor, supra.

---

[6] LBR 9011-1.A.1 makes LR 83.11 applicable. LR 83.11 provides that an attorney may withdraw as counsel of record "only with leave of court, if doing so leaves the party unrepresented or without local counsel."

[7] ORPC 1.16(a)(3) provides: "Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if . . . the lawyer is discharged."

[8] LBR 9011-1.A.1 also incorporates LR 83.7 which requires lawyers practicing before the court to "comply with the standards of professional conduct required of members of the Oregon State Bar . . . ."

[9] By its terms, ORPC 1.16(a)(3) is expressly subject to ORPC 1.16(c). ORPC 1.16(c) states that: "A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation."

[10] The firm has noted that Debtor advised Mr. Scott at the February 20th hearing she did not want the $1,000 back. If this is true, she is free to gift it back to the firm. She is also free to voluntarily pay any outstanding fees. The minute and supplemental orders simply prohibit the firm from compelling such payment.

Case 07-63072-aer7    Doc 69    Filed 03/20/08

In any event, I have carefully reviewed the transcript of the February 20th hearing.[11] I believe the findings upon which I exercised my discretion by no means constituted a "complete disregard of the . . . credible evidence in the record." Oak Park, supra. At the hearing, Debtor confirmed she no longer wanted Mr. Scott to represent her. Upon my further questioning, she advised it was a "financial matter," not dissatisfaction with Mr. Scott's services. Tr. at 4:17-20. Mr. Scott later represented that Debtor indicated she did not have the financial wherewithal to continue to pay ongoing fees to his firm for services in the event he was to stay on as her attorney. Tr. at 9:23-10:1. Debtor stated at one point that she would love to be represented but couldn't afford it. Tr. at 11:10-11. Whether these representations indicated "discharge" or simply a client who wanted continued representation but could not afford to pay for past and future services is a distinction without a difference on the facts at bar. Debtor's only reason for not wanting further representation was "financial."

My duty was to balance all of the parties' interests. In exercising my discretion, I may consider (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. Liang, supra 2007 WL 3144099 at *1 (citing, Irwin v. Mascott, 2004 U.S. Dist. LEXIS 28264 at 4 (N.D. Cal. December 1, 2004)).[12] Here, there were imminent scheduling deadlines and an imminent evidentiary hearing. Debtor had dismissal of her case at stake. She indicated she would love to be represented. My ruling was an attempt to facilitate that representation. The firm could either stay on or refund and waive its fees. The latter would facilitate Debtor retaining another attorney if she chose, by giving her a ready source of cash, as well as relief from the burden of paying the firm's accrued fees. I was also aware that it was highly probable Debtor would be getting some or all of Ms Covington's fees refunded, which would also facilitate employment of new counsel. In fact, this refund occurred soon after the February 20th hearing. See, f.n. 3, supra. I recognize Debtor stated at the February 20th hearing that she could not get new counsel because they would charge too high a fee. My order allowed Debtor at least some flexibility should she change her mind and seek such representation. Further, my order recognized the stage of the proceedings and the potential cost to Debtor to bring new counsel up to speed.

---

[11] The evidence admitted at the March 6th hearing is not relevant to this issue. A motion to alter or amend is not an opportunity for a party to re-try its case. Rather, the only relevant new evidence on a motion to alter or amend is that which the moving party submits could not have reasonably been produced at the original hearing. Ponzar v. Cornerstone Mtg., Inc., 2007 WL 2048671 (E.D. Mo. 2007). The firm has proffered no such evidence.

[12] ORPC 1.16(c) acknowledges these concerns. As one court notes:

> RPC 1.16(c) recognizes the notion that even if withdrawal is otherwise appropriate, other considerations must sometimes take precedence, such as maintaining fairness to litigants and preserving a court's resources and efficiency. Criteria such as the proximity to trial and the possibility for a client to obtain substitute counsel are also relevant considerations.

Rusinow v. Kamara, 920 F.Supp. 69, 71 (D. N.J.1996) (construing New Jersey's analogous rule)(internal citations and quotations omitted).

The last possible ground for reconsideration is to prevent a "manifest injustice," which has been held to be "an error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecutor rescinds." Oak Park, supra. For the reasons discussed above, the minute and supplemental orders do not memorialize a "manifest injustice."

The firm's motion to alter or amend will be denied. An order consistent herewith will be entered. The above constitute my findings of fact and conclusions of law under FRBP 7052. They shall not be separately stated.

I note that the firm has not filed a declaration that it is not waiving its fees per the supplemental order. Under the circumstances, I feel it is appropriate to give the firm further time to consider its election in this matter. Accordingly, I shall give the firm a period of 10 days from the date of this letter to file a declaration that it is not waiving its fees. In such event, the motion to withdraw will be denied and the firm shall remain as counsel for the debtor. If such a declaration has not been filed within the 10 day period, the firm's motion to withdraw is granted and its fees, relative to this matter, shall be deemed waived.

Very truly yours,

*albert E. Radcliffe*

ALBERT E. RADCLIFFE
Bankruptcy Judge

AER:vhd

cc: Ms Wendy Ryan, Debtor, pro se